UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC DIVALERIO,<br><br>Plaintiff,<br><br>v.<br><br>BEST CARE LABORATORY, LLC, *et al*,<br><br>Defendants. | Civ. No. 20-17268 (ZNQ)(JBD)<br><br>**MEMORANDUM ORDER** |

Before the Court is plaintiff Eric DiValerio's motion to lift the stay in this action as to defendant Best Care Laboratory, LLC ("BCL") and to schedule a hearing on damages. [Dkt. 69.] The motion is unopposed. The Court has reviewed plaintiff's submission, the docket, and applicable law. For the following reasons, plaintiff's motion is granted to the extent that he seeks to lift the stay in this action and denied (without prejudice) to the extent that he seeks a damages hearing.

## I. BACKGROUND

The Court writes for the parties and assumes their familiarity with this case. After granting defendants' respective motions to compel arbitration as to three of plaintiff's claims, [Dkts. 22, 23], the Court issued a stay as to those claims and the remaining claim not subject to arbitration "to avoid duplicative proceedings of factually intertwined issues in separate fora." [Dkt. 37] at 5; [Dkt. 22] at 29-30; [Dkt. 23] at 2. Consistent with the foregoing, on March 28, 2022, the case was administratively terminated pending arbitration. [Dkt. 37] at 5.

At some point after the parties began the arbitration process, defendants Tara Pendergraft and BCL became uncooperative, and the parties were unable to make meaningful progress with discovery. [Dkt. 69] at 2. Eventually, Pendergraft filed personally for Chapter 7 bankruptcy and ultimately the claims against her in this suit were discharged. *Id.*; [Dkt. 47]; [Dkt. 54] at 3, 8, Ex. A. Plaintiff and defendant Rajeev Talwar attempted to move forward with the arbitration process, but BCL remained uncooperative. [Dkt. 69] at 2.

On March 7, 2025, counsel for Pendergraft and BCL filed a motion to withdraw because Pendergraft no longer needed legal representation and BCL had not been (and would not be) paying the firm's legal fees. [Dkt. 54.] The Court granted the motion on March 12, 2025, and directed BCL to retain new counsel no later than June 2, 2025. [Dkt. 60.] BCL did not do so and has continued not to participate in the arbitration process since counsel withdrew. *See, e.g.*, [Dkts. 64, 67, 69]. On November 11, 2025, the arbitrator granted summary judgment to plaintiff on his claims against BCL. [Dkt. 69] at 3.

On April 21, 2026, plaintiff's counsel reported that plaintiff and Talwar "reached an agreement to resolve [p]laintiff's claims against Talwar," and explained that "with the resolution of the claims against Talwar and Ms. Pendergraft's bankruptcy discharge, the only claims that remain[ed] pending [we]re [p]laintiff's claims against [BCL.]" [Dkt. 67.] BCL has remained unresponsive, however, and plaintiff now moves to return the action to this Court for final resolution in order to avoid incurring further costs in connection with arbitration. [Dkt. 69.]

## II. DISCUSSION

### A. Plaintiff's Request to Lift the Stay of this Action

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Consequently, "[c]ourts [also] have inherent power and discretion to lift a stay." *SureFire Dividend Capture, LP v. Smith*, Civ. No. 19-4088, 2022 WL 22860853, at *2, n.2 (E.D. Pa. Apr. 11, 2022). "'When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay.'" *Sager v. Allied Interstate, LLC*, Civ. No. 18-220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)); *see also Halprin v. Verizon Wireless Servs., LLC*, Civ. No. 07-4015 (TJB), 2008 WL 11510572, at *1 (D.N.J. Aug. 25, 2008) (citation omitted) ("[I]n determining the propriety of a stay, [courts] must weigh the length of the stay, the balance of harm to the parties, and whether a stay will simplify issues and promote judicial economy."). Relevant here, a party's waiver, forfeiture, or abandonment of the right to arbitrate may constitute a changed circumstance that warrants lifting a stay of an action. *See, e.g., Koken v. Morelli*, Civ. No. 06-1024 (FLW), 2007 WL 2990681, at *2-4 (D.N.J. Oct. 10, 2007).

"It is well settled that a party can waive [or forfeit] its contractual right to arbitration like any other contractual provision." *Id.* at *2. Indeed, a party may

impliedly waive or forfeit its right "despite an express reservation when its conduct unambiguously indicates a relinquishment or abandonment of the right." *Parkin v. Avis Rent A Car Sys., LLC*, 188 F.4th 677, 684 (3d Cir. 2026) (citation omitted). "Accordingly, assessing an implied intention to relinquish or abandon a known right to [ ] arbitrat[e] . . . depends on the procedural posture of the case and the conduct of the party asserting the right." *Id.*

Here, the Court concludes that BCL has abandoned its right to arbitrate and will accordingly grant plaintiff's request to lift the stay in this case because there has been a significant change in circumstances here, "such that the court's reasons for imposing the stay" are no longer appropriate. *Canady*, 271 F. Supp. 2d at 74. As discussed above, this case was referred to arbitration at defendants' request roughly five years ago. The claims against one defendant, Pendergraft, has since been discharged, and another defendant, Talwar, reached a settlement with plaintiff. Thus, two of the three defendants are no longer involved in this case, and the only remaining defendant, BCL, has failed to (1) meaningfully participate in the arbitration process; (2) pay its share of arbitration costs; and (3) obtain new counsel as required by virtue of its corporate status.[1]

---

[1] Moreover, plaintiff will be significantly prejudiced if forced to remain in an expensive, undesired forum and bear all of the costs for a hearing on damages when the remaining adversary who initially requested to be there appears to have abandoned the proceedings. By contrast, BCL will not face any hardship or inequity by lifting the stay and moving forward in this Court as opposed to arbitration. BCL failed to engage meaningfully in the arbitration process and therefore will not be burdened or harmed if it no longer receives the benefit of that process. Moreover, a continued, indefinite stay will not promote judicial economy because BCL is not participating in the arbitration.

Accordingly, the Court concludes that BCL has abandoned its right to arbitrate and that the case should be returned to this Court for final resolution. *See Koken*, 2007 WL 2990681, at *3-4 (holding that corporate defendant had "abandoned its right to arbitrate" and lifting stay because the defendant refused or was unable "to cooperate in [the arbitration process]" and "share in the costs . . . as required under the Agreement," and its failure to obtain a new attorney "ma[de] it impossible to go forward with the arbitration proceedings."); *see also* 9 U.S.C. § 3 (when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration*." (emphasis added)).

**B. Plaintiff's Request for a Hearing on Damages**

The Court will deny, without prejudice, plaintiff's request for an immediate damages hearing. The Court appreciates plaintiff's desire to have this Court adopt the arbitral summary judgment ruling and set a damages amount, but the request is premature at this time. In light of BCL's continued failure to obtain counsel as this Court directed in its April 3, 2026 Order, [Dkt. 60] at 2, and as required by virtue of its corporate status, *see, e.g., Koken*, 2007 WL 2990681, at *3 ("It is well settled law that corporate entities may not proceed in a civil action in the Federal Courts without licensed counsel." (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 202-03 (1993) (further citation omitted)), the Court determines that the appropriate path forward in this case is as follows. First, BCL shall be given

one final opportunity to retain counsel. To that end, BCL shall have counsel enter an appearance on its behalf in this case no later than **November 19, 2026**. If no appearance is entered, then plaintiff may initiate default proceedings against BCL pursuant to Rule 55. The Court may consider the arbitral summary judgment ruling and revisit the need for a damages hearing, as appropriate, in connection with those proceedings.

## III. Conclusion

For the reasons set forth above and for good cause appearing,

**IT IS** on this **5th** day of **November**, **2026**,

**ORDERED** that plaintiff's motion [Dkt. 69] is GRANTED to the extent that it seeks to lift the stay in this action; and it is further

**ORDERED** the stay issued in this action is hereby LIFTED; and it is further

**ORDERED** that the Clerk shall return this action to the active docket; and it is further

**ORDERED** that plaintiff's motion is DENIED without prejudice to the extent that it requests that the Court schedule a damages hearing at this time; and it is further

**ORDERED** that BCL shall have counsel enter an appearance no later than **November 19, 2026**. If no appearance is entered on its behalf by that date, then plaintiff may initiate default proceedings against BCL.

**IT IS FURTHER ORDERED** that plaintiff shall forthwith serve a copy of this order on BCL by (1) certified mail, return receipt requested; (2) first-class mail;

and (3) any other additional method reasonably calculated to provide BCL with notice of the order. Plaintiff's counsel shall thereafter file via CM/ECF a renewed certificate of service in respect of the order served on BCL.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE